UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEGUSSA ADMIXTURES, INC.,

    Plaintiff,

v.

DOUGLAS BURNETT and
SIKA CORPORATION,

    Defendants.
_____/

CASE NO. 1:05-CV-705

HON. ROBERT HOLMES BELL

## **OPINION**

Plaintiff Degussa Admixtures brought this action against its former salesperson, Defendant Douglas Burnett, and his new employer, Defendant Sika Corporation. After a year-and-a-half of active litigation, including extensive discovery, Plaintiff filed a motion to voluntarily dismiss without prejudice (Docket #40). Defendants filed a cross motion for sanctions (Docket #41). On September 11, 2006, this Court granted Plaintiff's motion for voluntary dismissal, conditioned on Plaintiff's payment of Defendants' reasonable attorney fees (Docket #59). Plaintiff was given until September 29, 2006 to elect to pay the attorney fees and be voluntarily dismissed or to withdraw its motion. The order further directed that, should Plaintiff withdraw its motion, Defendants were to file their motions for summary judgment not later than 28 days after Plaintiff made its election.

On September 29, 2006, Plaintiff filed a notice of withdrawal of its motion to dismiss without prejudice (Docket #62). On that same date, it filed a motion to dismiss the action with prejudice (Docket #63). On October 16, 2006, Defendants filed a response and renewed motion for sanctions pursuant to Fed. R. Civ. P. 11, Mich. Comp. Laws § 445.1905, and 28 U.S.C. § 1927 (Docket #64). Apparently because the Court had not yet ruled on Plaintiff's motion to dismiss with prejudice, Defendants also filed a motion for summary judgment (Docket #66) on October 27, 2006.

In an opinion and order issued January 30, 2007 (Docket ##72, 73), the Court granted the motion to dismiss with prejudice, granted the motion for sanctions under Mich. Comp. Laws § 445.1905, and denied the motion for summary judgment as moot. The Court ordered Defendants to file an affidavit and supporting documentation detailing attorney fees incurred in the matter, exclusive of the time spent preparing and filing the motion for summary judgment. Defendants filed the required affidavit on February 7, 2007 (Docket #74). Plaintiff thereafter filed objections to the affidavit of costs and fees (Docket #76). Defendants filed a response to the objections (Docket #78), and Plaintiff filed a further objection to the response (Docket #79). The amount of the attorney fee award is now before the Court.

**I.**

Count Three of Plaintiff's complaint alleged misappropriation of trade secrets in violation of the Michigan Uniform Trade Secrets Act ("MUTSA"), Mich. Comp. Laws

2

§ 445.1901 *et seq.* Section 445.1905 of the MUTSA provides for the award of attorney fees under certain circumstances:

> If a claim of misappropriation is made in bad faith . . . the court may award reasonable attorney's fees to the prevailing party."

*Id.* In its opinion of January 30, 2007, the Court found that Defendants were entitled to attorney fees under the MUTSA, having demonstrated both that they were prevailing parties and that Plaintiff's claim under the MUTSA was made in bad faith.

Defendants' attorneys have now submitted their affidavits and supporting documentation to support a claim for attorney fees and expenses in the total amount of $114,317.80, exclusive of the amounts expended in the preparation and filing of the motion for summary judgment.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court established the analytical framework for calculating federal statutory attorney fees. In *Hensley*, the Court adopted the lodestar adjustment method, a method it has continued to recognize in more recent cases. *Id.*; *Blum v. Stenson*, 465 U.S. 886 (1984) (applying lodestar method and adopting marketplace model for determining reasonable hourly rates within that model); *Blanchard v. Bergeron*, 109 S. Ct. 939 (1989); *Burlington v. Dague*, 505 U.S. 557 (1992). The lodestar method is calculated by multiplying the number of hours reasonably expended by the prevailing market rate in the community for an attorney of that skill and expertise. *See Burlington*, 505 U.S. at 562. The lodestar method has been adopted by virtually every court to calculate reasonable attorney fee awards under a variety of statutory provisions. *See, e.g.,*

3

*Burlington*, 505 U.S. at 562 (observing that, after *Hensley*, "[t]he lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence").

In its objections to the affidavit, Plaintiff does not dispute the hourly rate for attorney services requested by Defendants' attorneys. According to the affidavits, the amounts of the fee requests are taken from the actual bills submitted to Sika Corporation in this matter, reflecting hourly rates of $365 per hour for Thomas Kienbaum, $235 per hour for Robert Brown, and $285 per hour for Mark Pendery. In the absence of an objection to the rates, and in light of the acceptance of these market rates by the client, the Court finds the hourly rates to be reasonable within the community for attorneys of comparable skill and expertise.

Plaintiff broadly objects to the total number of hours billed, asserting that Defendants have failed to distinguish the hours spent in defense of the MUTSA claim as opposed to defense of Plaintiff's other claims for breach of contract, intentional interference with contract, unjust enrichment, and intentional interference with business relationships. Defendants respond that they had no obligation to apportion their request for attorney fees because the claims were so interrelated that the work performed on any of the claims was relevant to defense of the MUTSA claim.

> The Sixth Circuit repeatedly has recognized that
>
> a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.

*DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 421 F.3d 417, 423 (6th Cir. 2005)); *see also Hensley*, 461 U.S. at 435 (same).  Here, each of Plaintiff's claims was based on a common core of facts and involved related legal theories.  The Court is unable to identify any legal work performed and billed by Defendants that was applicable to a theory distinct from the MUTSA claim.  As a consequence, the Court finds no basis for reducing the fee award because of the existence of other claims.

Plaintiff next generally objects to the propriety of a fee award at all.  It argues that MICH. COMP. LAWS § 445.1905 is a state procedural statute that conflicts with the requirements of FED. R. CIV. P. 11.  As a consequence, it argues, application of the provision is barred by the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) (holding that a court sitting in diversity must apply state substantive law and federal procedural law.

In support of its argument, Plaintiff cites *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002), in which the Sixth Circuit rejected application of a general bad-faith attorney fee provision under Ohio law.  The court held that OHIO REV. CODE § 2323.51, permits a court to award attorney fees in any civil action in which a party has been adversely affected by frivolous conduct.

The Court rejects Plaintiff's objection for two reasons.  First, at no time, either in opposition to Defendants' first motion for sanctions or the renewed motion for sanctions, did Plaintiff raise the issue.  The argument therefore is waived.

5

Second, the argument is not well supported.  While the statute in issue in *First Bank of Marietta* undoubtedly involved a general procedural statute applicable to all litigants, the attorney fee provision of the MUTSA unquestionably provides a substantive remedy for certain violations of that statute.  Rather than a rule of procedure, the provision authorizes attorney fees as one form of damages for willful violations of the other sections of the statute.

Finally, Plaintiff objects to the recovery of certain expenses as an element of attorney fees.  Specifically, Plaintiff contends that delivery charges, computerized research, travel, parking, court reporter fees, copying charges and meals are not recoverable under the fee provision of the MUTSA.  The Court disagrees.

In calculating fee awards under other attorney fee statutes, courts routinely have held that such provisions authorize the recovery of a broad range of litigation costs and expenses, including computer-assisted research charges, as part of the reasonable attorney fees awarded to the prevailing party.  *See, e.g., Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006) (applying 42 U.S.C. § 1988 and holding that, if ordinarily billed to clients separately, online research recoverable as part of attorney fees); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir. 2004) ("If [the firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."); *Invessys, Inc. v. McGraw-Hill Cos.*, 369 F.3d 16, 22 (1st Cir. 2004) ("[C]omputer-assisted research should be . . . reimbursed under attorney's fee statutes . . . so

long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as a separate disbursement."); *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257-58 (10th Cir. 1998) ("Reasonable expenses incurred in representing a client in a civil rights case [such as Westlaw charges] should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate."); *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). *But see Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993) (holding that "computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award").

Upon review, the Court finds that the expenses for which Defendants seek reimbursement as a part of attorney fees are properly considered by the Court in an attorney fee award. As a consequence, the Court will not reduce the attorney fee request by the amount of those expenses.

### III.

For the foregoing reasons, the Court will **GRANT** Defendants' application for attorney fees and expenses in the total amount of $114,317.80. An order consistent with this opinion will issue.

Date:    April 4, 2007           /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE